# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**WINDSOR VILLAGE CONDOMINIUM**
**OWNER'S ASSOCIATION**

**VERSUS**

**BERKSHIRE HATHAWAY GUARD**
**INSURANCE COMPANY, et al.**

**CIVIL ACTION**

**NO. 21-468-BAJ-SDJ**

## ORDER

Before the Court is a Consent Motion for Protective Order (R. Doc. 92) filed by Defendant AmGUARD Insurance Company. Having reviewed the proposed Protective Order (R. Doc. 92-1), as well as the applicable law, the Court finds good cause to enter the Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that Defendant AmGUARD Insurance Company's Consent Motion for Protective Order (R. Doc. 92) is **GRANTED**, and the Clerk of Court is instructed to enter the attached Protective Order into the record.

Signed in Baton Rouge, Louisiana, on July 23, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**WINDSOR VILLAGE CONDOMINIUM**
**OWNER'S ASSOCIATION**

**VERSUS**

**BERKSHIRE HATHAWAY GUARD**
**INSURANCE COMPANY, et al.**

CIVIL ACTION

NO. 21-468-BAJ-SDJ

## PROTECTIVE ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Protective Order is issued to govern certain disclosures in this case:

1. **Scope**. All information produced or adduced during discovery, including but not limited to initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom, shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Federal Rules of Civil Procedure and the Middle District of Louisiana's Local Rules on matters of procedure and calculation of time periods.

2. **Designation of Confidential Information.**

A party may designate as "Confidential" any information provided during this litigation if the party determines in good faith, that the designation is necessary to protect:

   (i) information legally or contractually prohibited from disclosure;

   (ii) information that reveals trade secrets or other research, technical, commercial, financial, or proprietary information that the party or its representatives have maintained as confidential;

   (iii) medical information;

   (iv) nonpublic personal identity and financial information; or

        (v)   personnel or employment records of any person not a party to the case.

To do so, the disclosing party must place or affix the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the information that will not interfere with its legibility. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies made of any information marked "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" shall also be so marked.

An inadvertent failure to designate information as Confidential Information does not, standing alone, waive the right to later designate the information; provided, however, that failure to serve a timely Notice of Designation of deposition testimony as required by this Order at Paragraph 4, even if inadvertent, waives any protection for deposition testimony. If a party designates Confidential Information after it was initially disclosed, the receiving party, on notification of the designation, must make a reasonable effort to assure that the information is treated as Confidential. No party shall be found to have violated this Order for failing to maintain confidentiality during a time when that information has not been designated Confidential.

If information is made subject to inspection before its production, no marking of that information need be made at that time. All materials available for inspection shall be considered Confidential Information and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the producing party wishes those materials to be considered Confidential Information under this Order, the producing party shall so designate them.

The designation of materials as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.[1]

3. **Depositions.** Deposition testimony is protected by this Order only if: (i) the testimony is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken, and (i) within fourteen (14) days of the delivery of the transcript by the court reporter to any party or the witness, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.

4. **Protection of Confidential Material.**

Confidential Information shall not be used or disclosed by the parties or their counsel for any purpose whatsoever other than in this litigation, which includes any appeal thereof. Counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Subject to this requirement, the following categories of people may review Confidential Information for purposes of assisting in this litigation:

(a) Counsel and their employees who have responsibility for this litigation;

(b) parties and officers, directors, employees, agents or representatives of a party, if counsel determines in good faith that their assistance is reasonably necessary to the conduct of this litigation;

(c) the Court and its personnel;

(d) court reporters and recorders engaged for depositions or hearings;

---

[1] By designating information as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

(e) persons specifically engaged for the limited purpose of making copies of, or organizing or processing, information, including outside litigation vendors hired to process electronically stored information;

(f) consultants, investigators, or experts employed by the parties or their counsel to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"), copies of which counsel shall maintain. This includes employees of any such consultants, investigators, or experts;

(g) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary;[2] and

(h) other persons only by written consent of the producing party or upon order of the Court.

5.      **Filing of Confidential Information.**  This Order does not, standing alone, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.2 and this Court's Administrative Procedures for Filing Electronic Documents. If possible, only the confidential parts of information filed with the Court will be filed under seal.

6.      **Challenges by a Party to Designation as Confidential Information.**  Any party may challenge another party's designation of Confidential Information. The challenging party must confer in good-faith directly with counsel for the designating party by explaining the basis for the belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

A party who elects to challenge a confidentiality designation may file and serve a motion regarding the challenged material, along with a competent certification that affirms that the movant

---

[2] Witnesses shall not retain a copy of Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

has complied with the meet-and-confer requirements of this Order. Until the Court rules on the challenge, all parties shall continue to treat the information as Confidential.

7. **Use of Confidential Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party who intends to present or who anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the substance of the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such information.

8. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

If a receiving party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any information designated in this action as Confidential, the receiving party must notify, in writing, the designating party within seven (7) business days and must include a copy of the subpoena or court order. The designating party shall bear the burden and the expense of seeking protection of its Confidential Information.

The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order and must deliver a copy of this Order.

The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

9. **Obligations upon Conclusion of Litigation.** Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within sixty (60) days after dismissal or entry of final judgment not subject to

further appeal, all Confidential Information and any copies must be returned to the producing party or certified as destroyed, except that the parties' counsel may retain their working files on the condition that Confidential Information within those files shall continue to be protected under this Order.

Signed in Baton Rouge, Louisiana, on July 23, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

ATTACHMENT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges reading the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Louisiana in matters relating to the aforementioned and attached Protective Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (printed): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____