## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WINDSOR VILLAGE CONDOMINIUM OWNER'S ASSOCIATION,** | * | **CIVIL ACTION NO.: 3:21-cv-00468** |
| | * | |
| | * | |
| *Plaintiff,* | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| v. | * | |
| | * | **MAGISTRATE JUDGE SCOTT D.** |
| **BERKSHIRE HATHAWAY GUARD** | * | **JOHNSON** |
| **INSURANCE COMPANY and** | * | |
| **AMGUARD INSURANCE COMPANY,** | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF SUBPOENA

TO:    Plaintiff Windsor Village Condominium Owner's Association
Through its counsel of record:
Michael S. Barcus
Aaron J. Arenas
Barcus Arenas, PLLC
2200 North Loop West, Suite 108
Houston, Texas 77018

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45, that defendant

AmGUARD Insurance Company ("AmGUARD") intends to serve a subpoena, in the form

attached hereto, on **Joel Moore** on May 17, 2024 or as soon thereafter as service may be

effectuated.

Dated: May 17, 2024

EXHIBIT

A

- 2 -

Respectfully submitted,

/s/  *Laurence D. LeSueur Jr.*
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206
Lance W. Waters, 37351
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
lwaters@barrassousdin.com

*Attorneys for Defendant AmGUARD*
*Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing has been served on counsel of record by email on May 17, 2024.

/s/ *Laurence D. LeSueur Jr.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Louisiana

| | |
|---|---|
| Windsor Village Condominium Owner's Association <br> _Plaintiff_ <br> v. <br> Berkshire Hathaway Guard Insurance Company and AmGuard Insurance Company <br> _Defendant_ | ) <br> ) <br> )    Civil Action No.   3:21-cv-00468 <br> ) <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Joel Moore
13531 Charwell Crossing Lane, Houston, TX 70069

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit "A."

| Place: By email: llesueur@barrassousdin.com <br> Physical if needed: Depo Solutions, 1235 North Loop W, Suite 510, Houston, TX 77008 | Date and Time: <br><br> 06/17/2024 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/17/2024

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _____ <br> _Signature of Clerk or Deputy Clerk_ | | _____ <br> _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
AmGuard Insurance Company _____ , who issues or requests this subpoena, are:

Laurence Lesueur, 909 Poydras Street, Ste 2350, New Orleans, LA 70112, llesueur@barrassousdin.com, 504-589-9700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-00468

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WINDSOR VILLAGE CONDOMINIUM OWNER'S ASSOCIATION,** | * | **CIVIL ACTION NO.: 3:21-cv-00468** |
| | * | |
| | * | |
| *Plaintiff,* | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **v.** | * | |
| | * | **MAGISTRATE JUDGE SCOTT D.** |
| **BERKSHIRE HATHAWAY GUARD** | * | **JOHNSON** |
| **INSURANCE COMPANY and** | * | |
| **AMGUARD INSURANCE COMPANY,** | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**EXHIBIT A TO AMGUARD INSURANCE COMPANY'S**
**SUBPOENA *DUCES TECUM* TO JOEL MOORE**

A.      These requests for information include text messages, voice memos, and any other information that may have been created, exchanged, or obtained through informal or electronic channels, as well as traditional "documents."

B.      If any responsive information was, but is no longer, in your possession, custody, or control, or in existence, please identify that information and the reason why the information is no longer in your possession, custody, control, or in existence.

C.      Please exclude from your production any information subject to a proper claim of privilege between you and your attorneys. For any information withheld for privilege, please produce a privilege log identifying (1) the type of information or document withheld; (2) the date the information was created, sent, or received; (3) the identities of the author(s), recipient(s), and anyone copied; (4) the basis on which the information was withheld; and (5) a general description sufficient to support the claim of privilege or protection. *See* Fed. R. Civ. P. 26(b)(5).

D.      If you have any questions about the scope, meaning, or intent of any request, please contact undersigned counsel *before* serving your responses, and counsel will try to clarify the request.

## INFORMATION TO BE PRODUCED

1.      Please produce your entire file relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

2.      Please produce a copy of your engagement letter, retainer agreement, or any other contract between you and Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin relating to your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

3.      Please produce a copy of all invoices submitted to Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin relating to your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

4.      Please produce documents sufficient to show the amount of money you have been paid by Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or

Luke Irwin for your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

5.      Please produce documents sufficient to show the amount of money you have been paid by Champions Insurance Service, LLC or JMG Claims Service for your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

6.      Please produce all draft or final reports, estimates, or appraisal awards (in PDF and native format) created or received by you since January 1, 2020 relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

7.      Please produce all information on which you relied to create or review any reports, estimates, or appraisal awards since January 1, 2020 relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

8.      Please produce documents sufficient to show all information you asked to see, review, or analyze before creating or reviewing any reports, estimates, or appraisal awards relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817, regardless of whether you were actually provided such information.

9.      Please produce any definitions, instructions, specifications, guidelines, training, policies, procedures, or other parameters relating to your work for Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848

Windsor Village Dr., Baton Rouge, Louisiana 70817 and received from Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin.

10.     Please produce all communications with—or any information sent to or received from—Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; Luke Irwin; Dan Kessinger; or Meridian Experts relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817 since January 1, 2020.

11.     Please produce all records of communications, assignments, notes, or other recordation in whatever form created or received by you since January 1, 2020, relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

12.     Please produce all information relating to your inspection, investigation, or appraisal of the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

13.     Please produce all photos, videos, drawings, depictions, or other renderings of the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

14.     Please produce documents sufficient to show the identities, last known addresses and phone numbers, and the resumes or curricula vitae of all members of your professional staff

- 4 -

who assisted you in your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

15.    Please produce documents sufficient to identify all appraisals—since January 1, 2020—in which you worked with or alongside Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin.

16.    Please produce documents sufficient to identify all appraisals—since January 1, 2020—in which you were engaged and in which any of the following attorneys or law firms represented a party to the appraisal: Barcus Arenas, PLLC; McClenny Moseley & Associates; Aaron J. Arenas; or Michael Barcus.

17.    Produce for inspection and forensic imagining any cell phone you used to communicate in connection with your work on behalf of Windsor Village Condominium Owner's Association, Inc.

18.    Produce all invoices, time sheets, or other documentation sufficient to show the amount of time you and your staff spent working on this file.

19.    All documents and communications reflecting any disciplinary, licensure, or administrative action taken against you with respect to your work as an appraiser, adjuster, public adjuster, or umpire in Louisiana.

20.    Any communication between you, on one hand, and the Louisiana Department of Insurance or the Louisiana Legislative Auditor, on the other hand, relating to your work for the Grant Parish School Board.

21.    Please return a completed and executed copy of the attached "Certificate of Records."

- 6 -

Respectfully submitted,

*/s/ Laurence D. LeSueur, Jr.*
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206
Lance W. Waters, 37351
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
lwaters@barrassousdin.com

*Attorneys for Defendant AmGUARD*
*Insurance Company*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WINDSOR VILLAGE CONDOMINIUM OWNER'S ASSOCIATION,** | * | **CIVIL ACTION NO.: 3:21-cv-00468** |
| | * | |
| | * | |
| *Plaintiff,* | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **v.** | * | |
| | * | **MAGISTRATE JUDGE SCOTT D.** |
| **BERKSHIRE HATHAWAY GUARD** | * | **JOHNSON** |
| **INSURANCE COMPANY and** | * | |
| **AMGUARD INSURANCE COMPANY,** | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF RECORDS**

I, _____, of lawful age, certify according to my personal knowledge:

1. I am employed as _____ by _____.

2. I am competent to make this certification. My office maintains, and I am familiar with, information and records about Windsor Village Condominium Owner's Association, Inc.

4. My office creates and/or maintains this information and records in the ordinary course of business at or near the time of the acts, conditions, or events which the information intends to convey.

5. I hereby certify that the information sent in response to AmGUARD Insurance Company's subpoena duces tecum are true and accurate copies of these records pertaining to Windsor Village Condominium Owner's Association, Inc.

6. I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| _____ | _____ |
| Signature | Printed Name |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

WINDSOR VILLAGE CONDOMINIUM     *     CIVIL ACTION NO.: 3:21-cv-00468
OWNER'S ASSOCIATION,     *
    *
          *Plaintiff,*     *     CHIEF JUDGE SHELLY D. DICK
v.     *
    *
BERKSHIRE HATHAWAY GUARD     *     MAGISTRATE JUDGE SCOTT D.
INSURANCE COMPANY and AMGUARD     *     JOHNSON
INSURANCE COMPANY,     *
    *
          *Defendants.*     *
    *

* * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF VIDEO DEPOSITION OF JOEL MOORE

To:    Plaintiff, Windsor Village Condominium Owner's Association
      *Through counsel of record*
      Michael S. Barcus
      Aaron J. Arenas
      Barcus Arenas, PLLC
      1239 W. 22nd St. Unit E
      Houston, TX 77008

PLEASE TAKE NOTICE that AmGUARD Insurance Company ("AmGUARD"), through counsel, will take the deposition of **Joel Moore, on July 18, 2024, beginning at 10:00 a.m.**, before a Notary Public or any other officer authorized by law to take depositions, pursuant to the Federal Rules of Civil Procedure. The deposition will be held at the office of **Veritext, 811 Main Street, Suite 4675, Houston, TX 77002**. The deposition will be recorded by video and stenographic means and will continue until completed.

Respectfully submitted,

*/s/ Lance W. Waters*
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206
Lance W. Waters, 37351
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone:  504/589-9700
Facsimile:  504/589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
lwaters@barrassousdin.com

*Attorneys for AmGUARD Insurance
Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic mail this 3rd day of July, 2024.

*/s/ Lance W. Waters*

{1,955,750}

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Louisiana

| | |
|---|---|
| Windsor Village Condominium Owner's Association | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    3:21-cv-00468 |
| Berkshire Hathaway GUARD Insurance Company and AmGUARD Insurance Company | ) ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Joel Moore
                    13531 Charwell Crossing Lane, Houston, TX 70069
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext<br>811 Main Street, Suite 4675<br>Houston, TX 77002 | Date and Time:<br>07/18/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:    stenography and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
        See Exhibit "A," attached.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/03/2024

                    *CLERK OF COURT*
                                                    OR

    _____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
AmGUARD Insurance Company                                  , who issues or requests this subpoena, are:

Lance W. Waters, 909 Poydras St., Ste. 2350, New Orleans, LA 70112, lwaters@barrassousdin.com, 504-590-9700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:21-cv-00468

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WINDSOR VILLAGE CONDOMINIUM   *   CIVIL ACTION NO.:  3:21-cv-00468
OWNER'S ASSOCIATION,          *
                              *
         *Plaintiff*,         *   JUDGE BRIAN A. JACKSON
                              *
v.                            *
                              *
                              *   MAGISTRATE JUDGE SCOTT D.
BERKSHIRE HATHAWAY GUARD      *   JOHNSON
INSURANCE COMPANY and         *
AMGUARD INSURANCE COMPANY,    *
                              *
         *Defendants*.        *

* * * * * * * * * * * * * * * * * * * * * * * * *

**EXHIBIT A TO AMGUARD INSURANCE COMPANY'S
DEPOSITION SUBPOENA TO JOEL MOORE**

A.      These requests for information include text messages, voice memos, and any other information that may have been created, exchanged, or obtained through informal or electronic channels, as well as traditional "documents."

B.      If any responsive information was, but is no longer, in your possession, custody, or control, or in existence, please identify that information and the reason why the information is no longer in your possession, custody, control, or in existence.

C.      Please exclude from your production any information subject to a proper claim of privilege between you and your attorneys.  For any information withheld for privilege, please produce a privilege log identifying (1) the type of information or document withheld;  (2) the date the information was created, sent, or received; (3) the identities of the author(s), recipient(s), and anyone copied; (4) the basis on which the information was withheld; and (5) a general description sufficient to support the claim of privilege or protection.  *See* Fed. R. Civ. P. 26(b)(5).

D.      If you have any questions about the scope, meaning, or intent of any request, please contact undersigned counsel *before* serving your responses, and counsel will try to clarify the request.

**INFORMATION TO BE PRODUCED**

1.      Please produce your entire file relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

2.      Please produce a copy of your engagement letter, retainer agreement, or any other contract between you and Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin relating to your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

3.      Please produce a copy of all invoices submitted to Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin relating to your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

4.      Please produce documents sufficient to show the amount of money you have been paid by Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or

- 2 -

Luke Irwin for your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

5.    Please produce documents sufficient to show the amount of money you have been paid by Champions Insurance Service, LLC or JMG Claims Service for your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

6.    Please produce all draft or final reports, estimates, or appraisal awards (in PDF and native format) created or received by you since January 1, 2020 relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

7.    Please produce all information on which you relied to create or review any reports, estimates, or appraisal awards since January 1, 2020 relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

8.    Please produce documents sufficient to show all information you asked to see, review, or analyze before creating or reviewing any reports, estimates, or appraisal awards relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817, regardless of whether you were actually provided such information.

9.    Please produce any definitions, instructions, specifications, guidelines, training, policies, procedures, or other parameters relating to your work for Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848

Windsor Village Dr., Baton Rouge, Louisiana 70817 and received from Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin.

10.     Please produce all communications with—or any information sent to or received from—Windsor Village Condominium Owner's Association, Inc. (including but not limited to Bettye LaPlace); Barcus Arenas, PLLC; McClenny Moseley & Associates; Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; Luke Irwin; Dan Kessinger; or Meridian Experts relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817 since January 1, 2020.

11.     Please produce all records of communications, assignments, notes, or other recordation in whatever form created or received by you since January 1, 2020, relating to Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

12.     Please produce all information relating to your inspection, investigation, or appraisal of the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

13.     Please produce all photos, videos, drawings, depictions, or other renderings of the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

14.     Please produce documents sufficient to show the identities, last known addresses and phone numbers, and the resumes or curricula vitae of all members of your professional staff

- 4 -

who assisted you in your work on behalf of Windsor Village Condominium Owner's Association, Inc. or the Windsor Village condominium community located at 4848 Windsor Village Dr., Baton Rouge, Louisiana 70817.

15. Please produce documents sufficient to identify all appraisals—since January 1, 2020—in which you worked with or alongside Irwin & Associates National LLC; Irwin and Associates of Louisiana LLC; Irwin & Associates International LLC; or Luke Irwin.

16. Please produce documents sufficient to identify all appraisals—since January 1, 2020—in which you were engaged and in which any of the following attorneys or law firms represented a party to the appraisal: Barcus Arenas, PLLC; McClenny Moseley & Associates; Aaron J. Arenas; or Michael Barcus.

17. Produce for inspection and forensic imagining any cell phone you used to communicate in connection with your work on behalf of Windsor Village Condominium Owner's Association, Inc.

18. Produce all invoices, time sheets, or other documentation sufficient to show the amount of time you and your staff spent working on this file.

19. All documents and communications reflecting any disciplinary, licensure, or administrative action taken against you with respect to your work as an appraiser, adjuster, public adjuster, or umpire in Louisiana.

20. Any communication between you, on one hand, and the Louisiana Department of Insurance or the Louisiana Legislative Auditor, on the other hand, relating to your work for the Grant Parish School Board.

21. Please return a completed and executed copy of the attached "Certificate of Records."

- 6 -

Respectfully submitted,

/s/ Lance W. Waters
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206
Lance W. Waters, 37351
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
lwaters@barrassousdin.com

*Attorneys for Defendant AmGUARD*
*Insurance Company*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WINDSOR VILLAGE CONDOMINIUM OWNER'S ASSOCIATION,** | * | **CIVIL ACTION NO.: 3:21-cv-00468** |
| | * | |
| | * | |
| *Plaintiff,* | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **v.** | * | |
| | * | **MAGISTRATE JUDGE SCOTT D.** |
| **BERKSHIRE HATHAWAY GUARD** | * | **JOHNSON** |
| **INSURANCE COMPANY and** | * | |
| **AMGUARD INSURANCE COMPANY,** | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF RECORDS**

I, _____, of lawful age, certify according to my personal knowledge:

1.　　I am employed as _____ by _____.

2.　　I am competent to make this certification. My office maintains, and I am familiar with, information and records about Windsor Village Condominium Owner's Association, Inc.

4.　　My office creates and/or maintains this information and records in the ordinary course of business at or near the time of the acts, conditions, or events which the information intends to convey.

5.　　I hereby certify that the information sent in response to AmGUARD Insurance Company's subpoena duces tecum are true and accurate copies of these records pertaining to Windsor Village Condominium Owner's Association, Inc.

6.　　I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| _____ | _____ |
| Signature | Printed Name |