UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WINDSOR VILLAGE CONDOMINIUM** | * | **CIVIL ACTION NO:** |
| **OWNER'S ASSOCIATION** | * | **3:21-cv-00468-BAJ-SDJ** |
| | * | |
| **VERSUS** | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **BERKSHIRE HATHAWAY GUARD** | * | **MAGISTRATE JUDGE** |
| **INSURANCE COMPANY and** | * | **SCOTT D. JOHNSON** |
| **AMGUARD INSURANCE COMPANY** | | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### *EX PARTE* MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF AMGUARD INSURANCE COMPANY'S MOTION TO VACATE

Defendant AmGUARD Insurance Company ("AmGUARD") respectfully requests leave to file a Notice of Supplemental Authority. The proposed notice seeks to inform the Court of a significant ruling from the Eastern District of Louisiana that was issued on the same day AmGUARD filed its supplemental memorandum in support of the motion to vacate the March 20, 2024 appraisal award, Rec. Docs. 130, 163.

On November 22, 2024, Judge Barry W. Ashe of the Eastern District of Louisiana vacated an appraisal award on grounds relevant to AmGUARD's pending motion to vacate: the impartiality of plaintiff Windsor Village Condominium Owner's Association's appraiser Luke Irwin. There, in *Kelly Kennedy v. GeoVera Specialty Insurance Company*, Judge Ashe found that "Irwin was not an 'impartial' appraiser" because Mr. Irwin's fee schedule "functionally create[d] a contingency fee arrangement" as Mr. Irwin's fee increased as its valuation of loss increased.[1] The ruling set aside the appraisal award "tainted by Irwin's disqualification," and emphasized that the

---

[1] Exhibit A, Order & Reasons at 7-9, *Kelly Kennedy v. GeoVera Specialty Insurance Company*, No. 23-6395 (E.D. La. Nov. 22, 2024) (Ashe, J.) ("Because Irwin's fee increases as its valuation of loss increases, § 17 functionally creates a contingency fee arrangement.").

1

appraisers and the umpire must be qualified and impartial in order to enforce an appraisal award.[2]

The *Kennedy* ruling lends additional support to AmGUARD's position that the appraisal award should be vacated here, because the compensation arrangement in *Kennedy*—that Judge Ashe found was impermissibly contingent on the amount of the estimate—is no different than how the umpire, Joel Moore, was compensated in the present appraisal.[3]  As more fully explained in AmGUARD's motion, Mr. Moore impermissibly set his fee based on a sliding scale that varied with the amount of Mr. Irwin's estimate.[4]  Further, Mr. Irwin's appraiser's fee arrangement also bears all the indicia of an impermissible contingency agreement under which payment of his exorbitant $655,992.70 fee necessarily requires that an exorbitant award be entered.[5]  The ruling also adds to the Louisiana jurisprudence holding: "An appraisal contract that compensates an appraiser by means of a contingency fee or 'closely resembles a contingency fee contract … impermissibly renders [the appraiser] a partial, interested party.'"[6] The same is true with respect to Mr. Moore's impermissible contingent fee arrangement.

Therefore, given the significance and relevance of Judge Ashe's ruling in *Kelly Kennedy v. GeoVera Specialty Insurance Company* addressing Mr. Irwin's contingency fee arrangement, AmGUARD asks that the attached Notice of Supplemental Authority be entered into the record.

---

[2]    *See id.* at 9.

[3]    Rec. Doc. 130-5 at 54 (J. Moore Depo. at 210:18-212:3) ("A. And not being able off the top of my head break down each one of them.  So, let's just say zero to 100,000 is $6500. 100,000 to $250,000 is $7500. I'm just using numbers. And it works up that way as far as it needs to. It -- it grows exponentially that way . . . . [Q.] And at the time you invoiced it, all you had was Luke's estimate, right? A. That's correct.").

[4]    *Id.*; *see also* Rec. Doc. 130-14 (Moore Invoice).

[5]    Rec. Doc. 130-1 at 2.

[6]    Exhibit A, Order & Reasons at 6, *Kelly Kennedy v. GeoVera Specialty Insurance Company*, No. 23-6395 (E.D. La. Nov. 22, 2024) (citing *Chardonnay Vill. Condo. Ass'n, Inc. v. James River Ins. Co.*, No. 06-4878, 2008 WL 3285908, at *1 (E.D. La. Aug. 9, 2008)).

Respectfully submitted,

*/s/ Laurence D. LeSueur, Jr.*
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206, T.A.
Lance W. Waters, 37351
R. Chad Thornton, 40970
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504/589-9700
Facsimile:  504/589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
lwaters@barrassousdin.com
cthornton@barrassousdin.com

*Attorneys for AmGUARD Insurance Company*