UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WINDSOR VILLAGE CONDOMINIUM OWNER'S ASSOCIATION** <br> *Plaintiff* <br><br> **v.** <br><br> **AMGUARD INSURANCE COMPANY** <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:21-cv-00468 <br><br> JUDGE BRIAN A. JACKSON <br><br> MAG.  JUDGE SCOTT D. JOHNSON |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO VACATE**

NOW INTO COURT, comes Plaintiff, Windsor Village Condominium Owner's Association ("Windsor Village"), who files this Response to Defendant's Notice of Supplemental Authority in Support of Defendant's Motion to Vacate.

The Court should ignore AmGUARD's request to consider the Eastern District of Louisiana's *Kennedy*[1] decision because it is factually distinct, inapplicable to the legal issues in this case, and offers no guidance for resolving the present dispute. The *Kennedy* decision involved an appraiser's compensation that was tied directly to the appraised valuation, a structure both parties agreed created a contingency fee. By contrast, the appraisal contract in this case compensates Mr. Irwin strictly on an hourly basis with no connection to the appraisal's outcome, eliminating any financial interest or partiality. These critical distinctions, alongside AmGUARD's unsupported assertions, render the *Kennedy* decision inapplicable here.

---

[1] *Kelly Kennedy v. GeoVera Specialty Insurance Company*, No. 23-6395 (E.D. La. Nov. 22, 2024) (Ashe, J.)

I.  **Distinction of the Appraisal Contracts**

The *Kennedy* case hinged on Judge Barry Ashe's determination that the appraiser, Barry Van Shoubrouek,[2] (*not Luke Irwin*) had a fee structure that "functionally created a contingency fee arrangement" because his fees increased in proportion to the appraised valuation of loss. Both parties in *Kennedy* conceded that the flat-fee arrangement constituted a contingency fee, rendering Mr. Shoubrouek partial under the insurance policy and Louisiana law.

In stark contrast, the Irwin and Associates contract with Windsor Village is titled **Time & Cost Appraisal Contract** and compensates Mr. Irwin on an hourly basis at $350 per hour, irrespective of the valuation or appraisal award.[3] This structure eliminates any incentive for Mr. Irwin to inflate loss valuations, ensuring impartiality. AmGUARD has not presented any evidence to the contrary or cited specific provisions of the contract to support its assertion that Mr. Irwin maintained a financial interest in this case.

II.  **AmGUARD's Unsupported Assertions**

AmGUARD appears to be claiming that Mr. Irwin's invoice and the size of the appraisal award indicate partiality. However, this argument has been extensively briefed and still relies solely on speculation. *Kennedy* does not change this. Unlike *Kennedy*, where the appraiser's compensation explicitly increased with the valuation, Mr. Irwin's compensation here is clearly tied to his hours worked, as evidenced by his detailed hourly billing records.[4]

AmGUARD's Motion does not even attempt to address the substantive differences between Mr. Irwin's fee structure in *Kennedy* and this case. AmGUARD further fails to cite any language

---

[2] AmGUARD's Motion misrepresents the ruling in the *Kennedy* case. AmGUARD states, "Judge Ashe found that 'Irwin was not an 'impartial' appraiser' because Mr. Irwin's fee schedule 'functionally create[d] a contingency fee arrangement' as Mr. Irwin's fee increased as its valuation of loss increased." R. Doc. 167-1 at 1. However, Mr. Irwin was not the named appraiser in the Kennedy case.
[3] **Exhibit 1** – Time & Cost Appraisal Contract; Fully Executed June 16, 2023, between Windsor Village Condominium Association and Irwin and Associates
[4] **Exhibit 2** – Hourly Billing Records

from Mr. Irwin's deposition that supports the accusation Mr. Irwin has charged in any manner resembling a contingency fee structure. In fact, Mr. Irwin explicitly testified that he charged an hourly rate of $350.00 for his services on this project.[5] WVCOA's Corporate Representative confirmed through deposition testimony Mr. Irwin's fee arrangement:

> Q: And what did [Irwin] share with you all about his compensation rate?
>
> A: He told us it would be $350 per hour plus any other equipment or anything they had to use.
>
> Q: Did he tell you all anything about whether that $350 per hour rate was for him as opposed to his staff?
>
> A: It was for the company. The company.[6]

Mr. Irwin's contract, invoice, and billing records all consistently confirm this hourly arrangement.

### III. Conclusion

AmGUARD's reliance on the *Kennedy* decision is misplaced and unsupported by the facts of this case. Mr. Irwin's compensation was strictly tied to his hours worked, not the valuation of the loss or the appraisal award, ensuring compliance with the Appraisal Agreement, the Policy, and Louisiana law. AmGUARD has failed to present evidence to invalidate the binding appraisal award, and its speculative arguments should be rejected.

For the foregoing reasons, Plaintiff respectfully requests that the Court disregard AmGUARD's Notice of Supplemental Authority and deny any relief sought based on the *Kennedy* decision.

[*Signature Page to Follow*]

---

[5] **Exhibit 3** – Deposition of Luke Irwin at P. 121, Line 2 – P. 122, Line 9.
[6] **Exhibit 4** – Deposition Testimony of 30(b)(6) Corporate Representative of WVCOA at P. 63, Line 11 – 19.

Respectfully submitted,

*/s/ Aaron J. Arenas*
*/s/ Michael S. Barcus*
**BARCUS ARENAS, PLLC**
Michael S. Barcus
Louisiana Bar No. 38979
Aaron J. Arenas, *pro hac vice*
Federal ID No. 3293005
2200 N Loop W, Suite 108
Houston, Texas 77018
Phone: 800-941-1041
Direct: 832-216-6691
michael@barcusarenas.law

## CERTIFICATE OF SERVICE

    I hereby certify that on December 6, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

                                                            /s/ *Aaron J. Arenas*
                                                            *Aaron J. Arenas – Pro Hac Vice*